UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD MILAN, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00682 JLT GSA (PC)<br><br>ORDER LIFTING STAY OF MATTER<br><br>(ECF No. 75)<br><br>ORDER REINSTATING PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(See ECF Nos. 2, 6, 9)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. JASSO, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00909 JLT GSA (PC)<br><br>ORDER LIFTING STAY OF MATTER<br><br>(ECF No. 56)<br><br>ORDER REINSTATING PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(See ECF Nos. 2, 6, 7)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

| | |
|---|---|
| EDWARD B. SPENCER, | No.  1:20-cv-1176 JLT GSA (PC) |
| Plaintiff, | ORDER LIFTING STAY OF MATTER |
| v. | (ECF No. 50) |
| L. PULIDO-ESPARZA, et al., | ORDER REINSTATING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| Defendants. | (See ECF Nos. 2, 6, 7) |
| | ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

| | |
|---|---|
| EDWARD B. SPENCER, | No.  1:23-cv-01033 JLT GSA (PC) |
| Plaintiff, | ORDER LIFTING STAY OF MATTER |
| v. | (ECF No. 27) |
| A. BARAJAS, et al., | ORDER REINSTATING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| Defendants. | (See ECF Nos. 2, 6, 7) |
| | ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

Plaintiff, a state prisoner proceeding pro se in all the above-referenced matters, has filed these civil rights actions seeking relief under 42 U.S.C. § 1983.  These matters were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Each matter is at different stages of its proceedings.

For the reasons stated below, the Court will lift the stay that was imposed in each of the above-referenced matters pending the resolution of Plaintiff's interlocutory appeals.  In addition, consistent with the Ninth Circuit's opinion and mandate issued in each of the above-referenced matters, Plaintiff's in forma pauperis status will be reinstated, and the California Department of Corrections ("CDCR") will be ordered to resume collection of the filing fees in each of these four matters.

## I.   RELEVANT FACTS

On August 13, 2024, in each of the four above-referenced matters, the Court stayed these proceedings pending the outcome of Plaintiff's interlocutory appeal of the Court's revocation of his in forma pauperis status in light of 28 U.S.C. § 1915(g).  See Milan, ECF No. 75[1] (order staying case).  On the same day, in a separate order, the Court ordered the CDCR to cease debiting filing fees from Plaintiff's prisoner trust fund account given that his in forma pauperis status had been revoked.  See Milan, ECF No. 76 (order directing cessation of debit of fee payments from Plaintiff's trust fund account).  That order also directed that fees that had been collected from Plaintiff's prison trust fund account between March 18, 2024, and August 13, 2024, be returned to Plaintiff.  Id. at 5.

On June 6, 2025, the Ninth Circuit issued an opinion in each of the above-referenced cases.  See Milan, ECF No. 77.  That opinion found that Plaintiff's voluntary dismissals of his cases did not constitute strikes.  See id.  On June 30, 2025, the appellate court's mandate of that decision issued.  See Milan, ECF No. 79.

## II.   DISCUSSION

Based on the Ninth Circuit's decision in these four matters, at this time, Plaintiff is not a three strikes litigant within the meaning of Section 1915(g).  Therefore, he is able to proceed in each of the four above-referenced matters without having to first pay the filing fee in full in each of them – i.e., with in forma pauperis status.  As a result, it will be ordered that Plaintiff's in forma pauperis status be reinstated in each of these cases.  Consistent with this order, the CDCR will be ordered to resume debiting Plaintiff's trust fund account piecemeal in order to obtain the filing fees in each of the four above-referenced matters.

Finally, in light of the fact that the filing fees that were collected from Plaintiff between March 18, 2024, and August 13, 2024, were returned to Plaintiff (see Milan, ECF No. 76),[2] the

---

[1] Because the orders issued by the Court in each of the above-referenced cases are identical, for ease of reference, the Court refers solely to the order issued in Plaintiff's earliest-filed case, Spencer v. Milan, No. 1:20-cv-00682 JLT GSA.

[2] Plaintiff's in forma pauperis status was revoked on March 18, 2024.  See Milan, ECF No. 67 (order revoking).  However, because Plaintiff's trust fund account continued to be debited after March 18, 2024, on August 13, 2024, the Court issued an order directing that the monies that had

CDCR will be directed only to collect fees in each case that remained to be collected as of March 18, 2024, the date that Plaintiff's in forma pauperis status was revoked in each of these matters.

Accordingly, IT IS HEREBY ORDERED that:

1. The STAY of the proceedings is LIFTED in each of the following cases:
    - Spencer v. Milan, No. 1:20-cv-00682 JLT GSA (see ECF No. 75);
    - Spencer v. Jasso, No. 1:20-cv-00909 JLT GSA (see ECF No. 56);
    - Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA (see ECF No. 50), and
    - Spencer v. Barajas, No. 1:23-cv-01033 JLT GSA (see ECF No. 27).
2. Plaintiff's in forma pauperis status is REINSTATED in each of the following cases:
    - Spencer v. Milan, No. 1:20-cv-00682 JLT GSA (see ECF Nos. 2, 6, 9);
    - Spencer v. Jasso, No. 1:20-cv-00909 JLT GSA (see ECF Nos. 2, 6, 7);
    - Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA (see ECF Nos. 2, 6, 7); and
    - Spencer v. Barajas, No. 1:23-cv-01033 JLT GSA (see ECF Nos. 2, 6, 7).
3. The California Department of Corrections and Rehabilitation shall CONTINUE to COLLECT what REMAINS to be collected of filing fee payments from Plaintiff's prison trust fund account **as of March 18, 2024,** in each of the following cases:
    - Spencer v. Milan, No. 1:20-cv-00682 JLT GSA;
    - Spencer v. Jasso, No. 1:20-cv-00909 JLT GSA;
    - Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA, and
    - Spencer v. Barajas, No. 1:23-cv-01033 JLT GSA.
4. **In <u>each</u> of the four above-referenced cases, the Director of the California Department of Corrections or his designee shall continue to collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments**

---

been debited from Plaintiff's account between March 18, 2024, and August 13, 2024, be returned to him. See Milan, ECF No. 76. Thus, the fee amounts Plaintiff owes in each matter should be determined by what he owed as of March 18, 2024.

4

1 **to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance**
2 **with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the**
3 **Clerk of the Court. The payments shall be clearly identified by the name and case number**
4 **assigned to each of the four above-referenced actions;**

5. The Clerk of Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application **in each of the four above-referenced matters** on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF), and

6. The Clerk of Court is directed to serve a copy of this order on the Financial Department, United States District Court, Eastern District of California.

IT IS SO ORDERED.

   Dated:  **July 1, 2025**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE